# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph McCutcheon,**
**Plaintiff Below, Petitioner**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 12-0698** (Kanawha County  09-C-250)

**Larry D. Parsons,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Joseph McCutcheon, *pro se*, appeals two orders of the Circuit Court of Kanawha County.  In a judgment order entered on November 1, 2011, the circuit court granted a judgment as a matter of law pursuant to Rule 50 of the West Virginia Rules of Civil Procedure following a renewed defense motion at the close of all evidence at trial. In an order entered on December 1, 2011, the circuit court denied petitioner's motion for appointment of counsel and a new trial. Respondent Larry D. Parsons, by counsel Geoffry A. Haddad, filed a summary response. Petitioner filed an amended reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were involved in a motor vehicle accident on February 16, 2007, in Putnam County at the intersection of Interstate 64 and Route 35. Petitioner subsequently sued respondent for damages.

The scheduling order in the action was entered on August 11, 2010. The scheduling order provided that petitioner was to identify his fact witnesses by October 31, 2010, and disclose his expert witnesses by January 17, 2011. The pretrial conference was scheduled for May 3, 2011, with the trial set for May 16, 2011.

Petitioner and his then-attorney appeared for the May 3, 2011 pretrial conference. Petitioner's attorney answered "[t]hat's correct" following the circuit court's statement that "[i]n your list of witnesses there is no expert witness to testify as to future lost income."

1

As to whether there was medical evidence that petitioner was injured as a result of the 2007 accident, the circuit court and petitioner's attorney had the following exchange:

> THE COURT: Have you got the doctor to testify that, by a reasonable degree of medical certainty, your client is going to have future expenses?
>
> [Petitioner's attorney]: No.
>
> THE COURT: Medical expenses?
>
> [Petitioner's attorney]: No.

Because of these responses, the circuit court first granted respondent's motion for partial summary judgment on the issue of petitioner's claims lost income and lost earning capacity finding that "[t]he discovery record is devoid of evidence of the alleged loss of income and alleged lost earning capacity, and no calculations regarding the same have been presented during the pre-trial period." The circuit court also granted respondent's motion *in limine* to exclude any evidence of future damages or permanent medical injury finding that "[petitioner], through counsel, admitted that he had no medical witness to present in his case in chief who would testify that [petitioner] suffered a permanent injury or will incur future damages to a reasonable degree of medical certainty."

On May 12, 2011, petitioner's attorney filed a motion to withdraw as counsel and a motion to continue the trial. At a hearing held the same day, with petitioner present, the circuit court granted his attorney's motion to withdraw and continued the trial date. The circuit court ruled that petitioner had thirty days from May 12, 2011, to retain a new attorney or to notify the court and opposing counsel that he would be proceeding pro se and that "[a]fter thirty (30) days following May 12, 2011, the Court will conduct a hearing to schedule a new trial date." The circuit court also granted a motion by respondent that the case preparation was complete and that discovery "shall not be reopened in this civil action." Petitioner did not retain a new attorney. The circuit court rescheduled trial for October 24, 2011.

On the day before trial, a prospective witness, through her counsel, moved to quash a subpoena petitioner caused to be issued to her. The circuit court granted the motion to quash ruling that "Rule 45 [of the West Virginia Rules of Civil Procedure] seems not to have been complied with in this particular case." The circuit court also granted respondent's motion to exclude all witnesses included on a list of possible witnesses for trial petitioner filed on September 28, 2011. Respondent's counsel noted that the September 28, 2011, list of possible witnesses violated both the scheduling order and the circuit court's order that discovery was not to be reopened. The circuit court also reaffirmed its earlier rulings that it would not allow evidence on lost income or permanent medical injury informing petitioner that "[y]our own lawyer, with you present, said that there is no permanency and no lost wages."

2

A trial by jury commenced on October 25, 2011. Petitioner was his only witness in his case-in-chief. As summarized by the circuit court, petitioner's direct testimony was that "you were involved in an accident, you were rear-ended, and you are experiencing some pain as a result of the accident." On cross-examination, petitioner admitted that he did not seek medical treatment on the day of the accident because he did not think he was injured. Petitioner further testified that at the scene, he told respondent that he was okay and to "[g]ive me $200 and I'll forget it."

Petitioner testified that he sought medical treatment the day following the accident and that Charleston Area Medical Center did not provide him with pain medication because according to petitioner, he looked like "Grizzly Adams and they thought I was a drug addict." Petitioner testified that a few weeks later, when he went to Thomas Memorial Hospital to have his arm x-rayed, the doctor "[w]rote me up like a typical drug addict." Petitioner further testified that his personal physician was "shut down" by the Drug Enforcement Agency. Petitioner's testimony on cross-examination reflected an extensive history of narcotic pain medication use and accidents prior to February 16, 2007. Petitioner admitted to being under the influence of a narcotic pain medication at trial. At the close of petitioner's case-in-chief, respondent moved for a judgment as a matter of law. The circuit court denied the motion.

Respondent presented three witnesses in his case-in-chief: (1) the Sheriff's Deputy who investigated the accident; (2) the medical expert respondent's counsel retained to examine petitioner, and (3) respondent himself. Deputy Donahoe testified that based on his report, petitioner's vehicle suffered "no apparent damage." Deputy Donahoe testified that petitioner made the comment about forgetting about the accident in exchange for $200. Deputy Donahoe testified that no one left the scene by ambulance or medical transport. Deputy Donahoe testified that petitioner refused medical transport. Later, on redirect examination, in response to petitioner's assertion that his taillight was knocked out, Deputy Donahoe testified that "if there would have been damage on the vehicle, I would have marked such damage on the report."

After being qualified as an expert, respondent's medical expert Dr. Scott testified that he examined petitioner on March 22, 2010. Dr. Scott testified that based on x-rays, petitioner had arthritis and a calcium buildup in his right elbow. Dr. Scott testified that this condition pre-existed the 2007 accident with respondent because it also appeared on "x-rays made in 2003." Dr. Scott testified that to a reasonable degree of medical certainty, there was no relationship between petitioner's elbow condition and the February 16, 2007, accident. To the same degree of certainty, Dr. Scott testified that there was nothing that points to "objective evidence of any injury at all in [connection with] the February 16, 2007 incident." Dr. Scott further testified that it was "a bit difficult" to understand petitioner during the examination because he was slurring his speech and that a narcotic pain medication could cause someone to slur their speech.

Respondent testified that he "bumped" petitioner's vehicle and described it as being "minor." Respondent testified that while petitioner said his taillight was knocked out, "I did not see that." Respondent testified that his own vehicle suffered very minimal damage. Respondent testified that petitioner said that he was okay and that the accident "would all be forgotten about" if respondent gave him $200. Respondent further testified that based upon his personal observation, petitioner appeared to be intoxicated because he was slurring his speech and his eyes were

bloodshot. At the close of his case-in-chief, respondent renewed his motion for judgment as a matter of law. The circuit court granted the motion.

In its November 1, 2011 judgment order, the circuit court granted a judgment as a matter of law pursuant to Rule 50 and ruled that "the case shall not be submitted to the jury" because "there is insufficient evidence to create a jury question regarding two essential elements of [petitioner]'s claim: causation and damages." By a letter dated November 23, 2011, petitioner made a motion for appointment of counsel and a new trial. The circuit court denied the motion in an order entered on December 1, 2011, noting that "[petitioner] is not entitled to court-appointed counsel in this civil matter" and that the motion was untimely filed under Rule 59(b) of the West Virginia Rules of Civil Procedure.

On appeal, petitioner makes numerous assignments of error. For convenience, this Court groups the alleged errors into four categories: (1) withdraw of petitioner's attorney; (2) exclusion of petitioner's evidence; (3) circuit court's awarding of judgment as a matter of law; and (4) circuit court's denial of motion for new trial.

## WITHDRAWAL OF PETITIONER'S ATTORNEY

We review the circuit court's decision to grant petitioner's attorney's motion to withdraw under an abuse of discretion standard. *See*, *e.g.*, *State v. Sheppard*, 172 W.Va. 656, 667-68, 310 S.E.2d 173, 184-85 (1983). Petitioner asserts that the circuit court erred in allowing his attorney to withdraw so close to trial. Respondent states that petitioner did not object to his attorney's withdrawal at the time and that the withdrawal did not prejudice him. The circuit court continued the trial and allowed him thirty days from May 12, 2011, to attempt to find a new attorney. The circuit court subsequently rescheduled the trial for October 24, 2011, over five months after the original May 16, 2011, trial date. Especially given the fact that the circuit court determined that the case preparation was complete and discovery would not be reopened, this Court concludes that the circuit court did not abuse its discretion in granting petitioner's attorney's motion to withdraw and acted with appropriate respect for petitioner's rights.

## EXCLUSION OF PETITONER'S EVIDENCE

Petitioner asserts that the circuit court first told him he could use his evidence that he suffered both new injuries and financial distress as a result of the February 16, 2007 accident, but then said he could not utilize that evidence. Respondent argues that the circuit court's orders excluding certain evidence at trial were not in error. Both respondent and the circuit court described one of these orders as granting respondent a partial summary judgment. "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Based upon the statements of petitioner's own attorney, "there is no permanency [of injury] and no lost wages." The circuit court excluded evidence of lost income or permanent medical injury because petitioner produced no such evidence during the discovery process. Petitioner alleges that once his attorney withdrew, the court

told him he could bring in evidence on these issues, but a review of the record and transcripts belies any such claim. After careful consideration, this Court concludes that the circuit court did not err in granting respondent's motion for partial summary judgment on the issue of petitioner's claims lost income and lost earning capacity, and in granting respondent's motion *in limine* to exclude any evidence of permanent medical injury.

## CIRCUIT COURT'S AWARDING OF JUDGMENT AS A MATTER OF LAW

"The appellate standard of review for the granting of a motion for a [motion for judgment as a matter of law] pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo." Syllabus Point 3, in part, *Brannon v. Riffle,* 197 W.Va. 97, 475 S.E.2d 97 (1996), *as modified,* Syllabus Point 1, *Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W.Va. 209, 672 S.E.2d 345 (2008). Petitioner states that respondent admitted to rear-ending his vehicle. Petitioner asserts that Dr. Scott admitted on cross-examination that petitioner's back was injured. Petitioner asserts that Deputy Donahoe's investigation was deficient because his report did not contain anything about petitioner's knocked-out taillight. Respondent asserts that considering the evidence in the light most favorable to petitioner, there was no jury question with regard to either causation or damages. Petitioner may have an injured back, but Dr. Scott testified that to a reasonable degree of medical certainty, there was no "objective evidence" of any condition being related to the February 16, 2007 accident. This is consistent with petitioner's attorney's opinion that "there is no permanency [of injury] and no lost wages [attributable to the 2007 accident]." Both respondent and Deputy Donahoe indicated that there was no apparent damage to petitioner's vehicle. Respondent testified that petitioner told him he was "okay," and Deputy Donahoe testified that petitioner refused medical transport. After careful consideration, this Court finds that even construing the evidence in his favor, petitioner "fail[ed] to establish a prima facie right to recovery" with respect the essential elements of causation and damages. *See Brannon*, 197 W.Va. 97, 99-100, 475 S.E.2d 97, 99-100 (internal quotations and citations omitted). This Court concludes that the circuit court did not err in granting respondent's motion for a judgment as a matter of law.

## CIRCUIT COURT'S DENIAL OF MOTION FOR NEW TRIAL

Petitioner states that he timely moved for a new trial. Utilizing the standards for the computation of time found in Rule 6(a) of the West Virginia Rules of Civil Procedure, this Court finds that petitioner's motion for a new trial was untimely filed by several days. *See* Rule 59(b), W.V.R.C.P. ("Any motion for a new trial shall be filed not later than 10 days after the entry of the judgment."). The circuit court could have considered the late-filed motion as a motion to alter or amend the judgment under Rule 60(b). Under Rule 60(b), "the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Petitioner argues that good cause exists for granting a new trial.[1] After a review of the record and transcripts, this Court finds that there is no

---

[1] Respondent does not specifically address the circuit court's denial of petitioner's motion

cause for disturbing the judgment to grant petitioner a new trial. Therefore, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's motion for a new trial.

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Kanawha County. We affirm both the circuit court's November 1, 2011 order, granting a judgment as a matter of law pursuant to Rule 50 of the West Virginia Rules of Civil Procedure and its December 1, 2011 order denying petitioner's motion for appointment of counsel and a new trial.

Affirmed.

**ISSUED:** July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

---

for a new trial, but does indicate that his summary response is meant to "oppos[e] all alleged assignments of error."